[Cite as *State v. Jackson*, 2011-Ohio-4998.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ALFRED JACKSON III

    Appellant

C.A. No.     10CA009791

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CR077144

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Alfred Jackson, III, appeals from the judgment of the Lorain County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2} Mr. Jackson was indicted for trafficking in drugs in violation of R.C. 2925.03(A)(1), a third-degree felony, and trafficking in drugs in violation of R.C. 2925.03(A)(2), a third-degree felony. He was also charged with three other offenses not at issue in this appeal.

{¶3} At Mr. Jackson's request, the State filed a bill of particulars indicating Mr. Jackson had trafficked in ecstasy pills. Mr. Jackson filed a motion to dismiss counts one and two of the indictment asserting that the State was now alleging that the pills at issue contained benzylpiperazine ("BZP"), but BZP was not a controlled substance under Ohio law. The court denied the motion.

{¶4}    The State then requested that the court take judicial notice that BZP is a Schedule I controlled substance.  Thereafter, Mr. Jackson moved to dismiss the first two counts of the indictment, arguing that the indictment failed to charge an offense as it did not specify the controlled substance involved and again asserting that BZP is not a controlled substance under Ohio law. The court denied Mr. Jackson's motion and granted the State's request.  Subsequently, Mr. Jackson pleaded no contest and was convicted on all counts.

{¶5}    Mr. Jackson now appeals arguing that his indictment was defective.  He presents two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT WHERE IT LACKED AN ESSENTIAL ELEMENT OF THE OFFENSE"

{¶6}    Mr. Jackson asserts in his first assignment of error that the trial court erred in failing to dismiss the first two counts of the indictment as the indictment failed to specify the type of controlled substance at issue and thus failed to include an essential element of the crime. We agree.

{¶7}    We begin by noting that in the instant matter, Mr. Jackson pleaded no contest. "[U]nlike a guilty plea, a plea of no contest is not an admission of guilt and therefore reserves certain issues for appeal that are not available to a defendant who has pled guilty." *State v. Brown*, 9th Dist. No. 25103, 2010-Ohio-3387, at ¶6.  "[A] no contest plea * * * is an admission of the truth of the facts alleged in the indictment * * *.'" *State v. Bird* (1998), 81 Ohio St.3d 582, 584, quoting Crim.R. 11(B)(2).  "[W]here the indictment * * * contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the

defendant guilty of the charged offense." Id. The adequacy of an indictment is a question of law that we review de novo. *State v. Hernon* (Dec. 29, 1999), 9th Dist. No. 2933-M, at *2.

{¶8} "'The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident.'" *State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045, at ¶20, quoting *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, ¶7. "An indictment meets constitutional requirements if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." (Internal quotations and citations omitted.) *Pepka* at ¶20.

{¶9} Mr. Jackson contends that the first two counts of the indictment fail to identify the type of controlled substance at issue, and thus those two counts of the indictment are fatally deficient as provided by *State v. Headley* (1983), 6 Ohio St.3d 475, 479. *Headley* provides that, with respect to R.C. 2925.03, trafficking in drugs, the offense at issue, "the type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment." Id. Thus, "[t]he omission of that information cannot be cured by amendment, as to do so would change the very identity of the offense charged." Id.

{¶10} The defendant in *Headley* was indicted on one count of aggravated trafficking in violation of R.C. 2925.03(A)(8). The indictment provided that the defendant "'did knowingly provide money or other items of value to another person with the purpose that the recipient of the money or items of value would use them to obtain controlled substances for the purpose of selling or offering to sell such controlled substances in amounts exceeding a bulk amount * * *.'" Id. at 475. The Supreme Court of Ohio noted that:

"[t]he severity of the offense is dependent upon the type of drug involved. Under R.C. 2925.03(C), [as it existed at the time,] the offense is aggravated trafficking if the substance involved is a Schedule I drug, with the exception of marijuana, or a Schedule II drug. Under R.C. 2925.03(D), if the substance involved is a Schedule III, IV or V drug, the offense is the lesser one of trafficking in drugs." Id. at 479.

Thus, "it is evident that R.C. 2925.03 sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved. As such, the type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment." Id. The Supreme Court concluded that "the indictment purported to charge [the defendant] with the offense of aggravated trafficking but neglected to state the controlled substance involved. This was a fatal defect which was not curable by amendment." Id. In 2000, in *State v. Childs* (2000), 88 Ohio St.3d 558, the Supreme Court revisited *Headley* in the context of a charge of conspiracy to commit aggravated trafficking and reaffirmed that "*Headley* [required] the specific substance to be identified in an indictment for aggravated trafficking[.]" Id. at 565.

{¶11} Mr. Jackson's indictment provides as follows:

"**COUNT ONE**

"Trafficking In Drugs -2925.03(A)(1) – F3

"That ALFRED E JACKSON III, on or about October 23, 2008[,] at Lorain County, Ohio, did knowingly sell or offer to sell a controlled substance in violation of Section 2925.03(A)(1) of the Ohio Revised Code contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio. The drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish and the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount.

## "**COUNT TWO**

"Trafficking In Drugs – 2925.03(A)(2) – F3

"That ALFRED E JACKSON III, on or about October 23, 2008[,] at Lorain County, Ohio, did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knew or had reasonable cause to believe that the controlled substance was intended for sale or resale by the offender or another person in violation of Section 2925.03(A)(2) of the Ohio Revised Code contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio. The drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish and the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount."

{¶12} It appears that the State intended to charge Mr. Jackson with aggravated trafficking in drugs, as the language in the indictment mirrors R.C. 2925.03(C)(1). R.C. 2925.03(C)(1) provides that "[i]f the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs." While the State tracked the language of the relevant statutes, it "neglected to state the controlled substance involved[,]" as specifically required by *Headley*. See *Headley,* 6 Ohio St.3d at 479; *Childs,* 88 Ohio St.3d at 565. The Supreme Court of Ohio noted in *Childs* that "[u]ndoubtedly the language of the statute may be used in the general description of an offen[s]e, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offen[s]e, coming under the general description, with which he is charged." (Internal quotations and citation omitted.) *Childs,* 88 Ohio St.3d at 565. Thus, it is clear that one of the Supreme Court's concerns in not only *Childs,* but also, in *Headley* was insuring that the defendant was aware of the specific offense for which the defendant was being charged. See *Headley*, 6 Ohio St.3d at 479. While the Supreme Court of Ohio has spoken

numerous times since *Headley* on the sufficiency of indictments, it has never overruled it. *Headley* remains binding authority on the sufficiency of indictments charging a defendant with a violation of R.C. 2925.03.

{¶13} While several of the recent Supreme Court of Ohio opinions *could* be read as implicitly overruling *Headley*, we conclude those cases are factually distinguishable. See *State v. Lynn,* 129 Ohio St.3d 146, 2011-Ohio-2722, at ¶22 (holding that "when a defendant is aware prior to trial that an aggravated-burglary indictment incorrectly states the *underlying criminal offense*, the trial court does not violate defendant's due process rights by conforming the jury instructions to the evidence presented at trial and instructing the jury on the correct underlying criminal offense[]") (emphasis added); *Pepka* at ¶21 (concluding the indictment was sufficient when the original indictment set forth the elements of the offense, specified that the defendant was being charged with a third-degree felony, and when *there was only one circumstance in which the offense at issue was a third-degree felony*); *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, at paragraph one of the syllabus (concluding that "[a]n indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a *culpable mental state* when the statute itself fails to specify a mental state[]") (emphasis added); *Buehner* at syllabus (holding that "[a]n indictment that tracks the language of the charged offense and identifies a *predicate offense* by reference to the statute number need not also include each element of the predicate offense in the indictment[]") (emphasis added).

{¶14} The indictment in the instant matter, just like the indictment in *Headley,* "purported to charge [the defendant] with the offense of aggravated trafficking but neglected to state the controlled substance involved." *Headley,* 6 Ohio St.3d at 479. Such a defect renders the indictment insufficient. Id. Accordingly, we sustain Mr. Jackson's first assignment of error.

ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT WHEN THE INDICTMENT DID NOT PERMIT JACKSON TO PLEAD FORMER ACQUITTAL OR CONVICTION IN BAR OF FUTURE PROSECUTION"

{¶15} Mr. Jackson contends in his second assignment of error, that the trial court erred in failing to dismiss the indictment because the drug listed in the bill of particulars, ecstasy/MDMA, was different than the drug that Mr. Jackson pled to trafficking in, namely BZP. As our resolution of Mr. Jackson's first assignment of error renders this assignment of error moot, we decline to address it. See 12(A)(1)(c).

III.

{¶16} In light of the foregoing, we sustain Mr. Jackson's first assignment of error and remand the matter to the Lorain County Court of Common Pleas for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
CONCURS

WHITMORE, J.
DISSENTS, SAYING:

{¶17} I respectfully dissent as I would conclude that the trial court properly refused to dismiss the indictment against Jackson.

{¶18} As the majority notes, Jackson's indictment named both his R.C. 2925.03 trafficking offenses as third-degree felonies and specifically provided as follows:

> "The drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish and the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount."

Thus, the indictment identified the felony level of Jackson's offense, the Schedule number of the controlled substance at issue, and the amount of the controlled substance at issue. From the foregoing information, it was possible to determine the exact offenses for which Jackson was indicted. See R.C. 2925.03(C)(1)(c) (applying to third degree-felony trafficking offenses of a Schedule I or II controlled substance where the amount at issue "equals or exceeds the bulk amount but is less than five times the bulk amount").

{¶19} A motion to dismiss an indictment tests the sufficiency of the indictment on its face. *State v. Silos* (1995), 104 Ohio App.3d 23, 26. It does not depend upon "the quantity or quality of evidence that may be produced" or any information contained in the bill of particulars. Id., quoting *State v. Patterson* (1989), 63 Ohio App.3d 91, 95. To be legally sufficient, an indictment simply must "provide[] the defendant with adequate notice of the charge against him." *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, at ¶12. "The type of controlled substance involved in the crime of aggravated trafficking under R.C. 2925.03 is an essential element which must be included in the indictment[.]" *State v. Headley* (1983), 6 Ohio St.3d 475, paragraph two of the syllabus.

{¶20} Unlike Jackson's indictment, the indictment in *Headley* charged the defendant with aggravated trafficking of a controlled substance. See id. at 475. It did not contain any further information about the controlled substance. Id. See, also, *State v. Reyna* (1985), 24 Ohio App.3d 79, 81 (distinguishing *Headley* and noting that "the indictment in *Headley* provided no means whatsoever by which one could ascertain what controlled substance was allegedly involved"). In concluding that Headley's indictment failed to sufficiently identify the identity of the offense charged, the Ohio Supreme Court explained as follows:

"In this case, [Headley] was charged under R.C. 2925.03, relating to trafficking in drugs. Generally, that statute prohibits the selling, distribution, production or possession of certain controlled substances, or drugs, for certain purposes. The severity of the offense is dependent upon the type of drug involved. Under R.C. 2925.03(C), the offense is aggravated trafficking *if the substance involved is a Schedule I drug, with the exception of marijuana, or a Schedule II drug.* Under R.C. 2925.03(D), *if the substance involved is a Schedule III, IV or V drug*, the offense is the lesser one of trafficking in drugs.

"Under this analysis, it is evident that R.C. 2925.03 sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved. As such, the type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment. The omission of that information cannot be cured by amendment, as

to do so would change the very identity of the offense charged." (Emphasis added.) Id. at 479.

**{¶21}** Headley's indictment was defective because, on its face, one could not determine the offense level of trafficking involved. Id. As the Supreme Court noted, that offense level depended upon whether Headley trafficked a 1) Schedule I or II drug; or 2) Schedule III, IV, or V drug. Id.

**{¶22}** I would read *Headley* as requiring an indictment to include the Schedule of the drug involved in a trafficking offense, not the specific drug at issue within that Schedule. So long as the State presented evidence of any drug within Schedule I or II, the identity of Jackson's offense would not change. Accord *State v. Justice* (Jan. 11, 1984), 9th Dist. No. 11224, at *7 (considering *Headley* and concluding that amendment to indictment at issue did not change the nature of the offense charged because the both the original indictment and the amended indictment charged the defendant with fourth-degree felony receipt of stolen property). Compare *Headley*, supra (discussing the "type of drug" involved in the context of the Schedule to which the controlled substance belonged). Jackson's indictment sufficiently notified him of the specific offenses with which he was charged. Accordingly, I would conclude that the trial court properly refused to dismiss the indictment and overrule Jackson's assignments of error.

APPEARANCES:

JACK W. BRADLEY and MICHAEL E. STEPANIK, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and AMY IOANNIDIS BARNES, Assistant Prosecuting Attorney, for Appellee.