[Cite as *State v. Polansky*, 2014-Ohio-2571.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 13CA0012-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| EMILY A. POLANSKY | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 12CR0029 |

DECISION AND JOURNAL ENTRY

Dated: June 16, 2014

---

CARR, Judge.

**{¶1}** Appellant Emily Polansky appeals her conviction in the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Polansky was indicted on one count of trafficking in drugs (amphetamine) in the vicinity of a juvenile, a felony of the third degree; and one count of trafficking in drugs (methylenedioxymethamphetamine, aka "MDMA"), a felony of the second degree. She pleaded not guilty to the charges.

**{¶3}** Polansky filed a motion to dismiss the indictment, arguing that the substance she sold was not a controlled substance (MDMA), but rather a counterfeit controlled substance. The trial court scheduled a hearing on the motion to dismiss. Prior to the motion hearing, however, Polansky moved the court to schedule a change of plea hearing. At the change of plea hearing, Polansky entered a plea of no contest to both counts. The trial court accepted the no contest plea,

found her guilty of the count alleging trafficking in amphetamine in the vicinity of a juvenile, but deferred a finding of guilty on the second count pending consideration of briefs to be filed by the parties.

{¶4} The parties briefed the issue of whether the court should find Polansky guilty of the second count. Polansky argued that the facts alleged in the indictment were insufficient to justify a conviction, and that the court had the authority to make such a determination. The trial court found Polansky guilty of both counts and sentenced her accordingly. Polansky appealed, and the trial court stayed her sentence pending appeal. Polansky raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT GUILTY OF COUNT II OF THE INDICTMENT.

{¶5} Polansky argues that the trial court erred by finding her guilty of trafficking in MDMA after she pleaded no contest. This Court disagrees.

{¶6} Pursuant to Crim.R. 11(B)(2), a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Accordingly, when a defendant pleads no contest to the charge in the indictment, "[t]he prosecution is relieved of the burden of presenting evidence to prove the defendant guilty beyond a reasonable doubt." *State v. Cianci*, 9th Dist. Lorain No. 3947, 1986 WL 6675 (June 11, 1986), *2. Moreover, as a general rule, "a no contest plea waives all nonjurisdictional defects to a felony conviction and leaves open for review only the sufficiency of the indictment." *Id.* An indictment is sufficient if it identifies all essential elements of the charged offense. *State v. Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, ¶ 14. In the case of a drug trafficking charge,

"an indictment is sufficient if it names the schedule in which the drug appears." *Id.* at ¶ 21. The indictment in this case comports with this requirement.

{¶7} Polansky argues that the trial court erred by finding her guilty of drug trafficking as alleged in count two, because the actual substance involved was not a controlled substance. Such an argument challenges not the sufficiency of the indictment, but rather the sufficiency of the State's evidence to support the charge. By entering a no contest plea to the charge, however, she has waived such an argument on appeal.

{¶8} Polansky acknowledges that her no contest plea may preclude her ability to challenge the trial court's finding of guilt on appeal. In the alternative, she asks that this Court direct the trial court to allow her to withdraw her plea. Polansky, however, has not moved the trial court to withdraw her plea. Accordingly, her request to this Court is not ripe. Moreover, she has not alleged on appeal that she did not enter her plea in a knowing, voluntary, and intelligent manner.

{¶9} The assignment of error is overruled.

III.

{¶10} Polansky's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT


HENSAL, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.