[Cite as *State v. Mason*, 2016-Ohio-7081.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.    27715 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CAPRICE L. MASON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 2014 09 2761 (B) |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2016

WHITMORE, Judge.

{¶1} Defendant-Appellant, Caprice L. Mason, appeals from her conviction in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In August and September 2014, Akron police were investigating Tommy Higgins and Mason[1] for trafficking in drugs. Detective Kandy Shoaff ("Det. Shoaff") testified that a confidential informant made multiple drug purchases at 321 Glenwood Ave., Akron, Ohio, which was the home of Higgins and Mason.

{¶3} The confidential informant told Det. Shoaff that Mason and Higgins would be transporting drugs on August 31st and that the drugs would most likely be hidden on a female in

---

[1] Tommy Higgins is Defendant-Appellant's husband and co-defendant.   Defendant-Appellant is referred to as Caprice L. Mason, Caprice Mason, Caprice Mason Higgins, Caprice Mason-Higgins, Caprice L. Higgins, Caprice LaShawn Higgins, and Caprice Higgins below. For ease of discussion, we will refer to her as "Mason" and her co-defendant, husband as "Higgins."

the car. Thereafter, police stopped the car the couple was in. However, no drugs were recovered on that date. The confidential informant later told Det. Shoaff that the drugs had been hidden in Mason's bra and that Higgins was bragging that the police did not find them. Police found a social media post wherein Higgins boasted, "Akron police u hit u missed haha!!! That pack in and shop back open * * * [.]"

{¶4} The police obtained a search warrant for 321 Glenwood Ave. The day the search warrant was to be executed, Det. Shoaff received information that Mason and Higgins were in Brimfield and would have drugs hidden in a car or on one of the car's occupants. Det. Shoaff requested that the car be stopped. After observing a lane change violation, police stopped the car at the exit ramp of Route 8 and Glenwood Ave., approximately four blocks from the house.

{¶5} Higgins, Mason, and two other females were in the car. All four were transported to the house. During this time, Mason was handcuffed and transported in police cruiser. According to Det. Shoaff, Mason was "being detained" at this point in time.

{¶6} Det. Shoaff's supervisor authorized a strip search of Mason. Prior to the search, Det. Shoaff asked Mason if she had "anything [the detective] should know about" on her. After an initial denial, Mason indicated that she had drugs in her underwear. Mason then retrieved a bag containing multiple drugs from her buttocks area. In addition, $241 was discovered in her bra. Det. Shoaff placed Mason under arrest. The search of the home uncovered a digital scale in the kitchen.

{¶7} Mason was indicted for (1) possession of heroin, a fourth-degree felony; (2) trafficking in heroin, a fourth-degree felony; (3) aggravated trafficking in drugs (methamphetamine), a fourth-degree felony; (4) two counts of aggravated possession of drugs (methamphetamine and oxycodone), fifth-degree felonies; and (5) possessing criminal tools, a

fifth-degree felony. Forfeiture specifications for the $241 were also included. Mason pled not guilty and moved to suppress the evidence that was found on her person. Det. Shoaff was the only witness who testified at the suppression hearing. The trial court denied the motion to suppress.[2]

{¶8} A change of plea hearing was held. At the beginning of the plea hearing, the State moved to amend some of the drug counts based on BCI testing results. The BCI results demonstrated that the amount of heroin was less than the amount charged making those offenses fifth-degree felonies. In addition, the methamphetamine charges were amended to read methadone; the degree of those offenses was unchanged. The trial court granted the amendments "to reflect the accurate state of the evidence." The State, then, provided a recitation of facts. Mason pled no contest, and the trial court found her guilty.

{¶9} The court merged the possession of heroin charge into the trafficking in heroin charge and one of the aggravated possession of drugs charges into the aggravated trafficking charge. The court ordered the $241 forfeited and imposed the following prison terms: 1 year for trafficking in heroin, 6 months for aggravated trafficking in drugs, 6 months for aggravated possession of drugs, and 1 year for possessing criminal tools. The court ordered the sentences to run concurrently to one another but consecutive to a two-year sentence Mason received for a community control violation in another case.

{¶10} Mason appeals raising four assignments of error for our review.

---

[2] On appeal, Mason argues that the drugs should have been suppressed but does not make an argument regarding the money.

<u>Assignment of Error Number One</u>

THE TRIAL [COURT] VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT SENTENCED APPELLANT FOR VIOLATING HER COMMUNITY CONTROL WHERE APPELLANT NEVER PLEAD GUILTY OR WAS FOUND GUILTY AFTER A HEARING TO VIOLATING THE TERMS AND CONDITIONS OF HER COMMUNITY CONTROL[.]

**{¶11}** In her first assignment of error, Mason argues that the trial court improperly revoked her community control in case number CR 2013-12-3378(D). We are without jurisdiction to address the merits of this assignment of error as Mason has not appealed from the 2013 case.

**{¶12}** A notice of appeal shall designate the judgment or order appealed. App.R. 3(D). "An appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.'" *State v. Chavers*, 9th Dist. Wayne No. 07CA0065, 2008-Ohio-3199, ¶ 14, quoting *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7.

**{¶13}** Mason filed a notice of appeal in case number CR 2014-09-2671(B) and designated that she was appealing from the judgment entry therein dated February 12, 2015. She, subsequently, moved this Court to amend her notice of appeal to also include the order denying her motion to suppress filed on January 20, 2015 in the 2014 case. This Court granted her leave to file the amended notice of appeal.

**{¶14}** Neither her initial notice of appeal nor her amended notice of appeal designate any orders from the 2013 case. Consequently, the 2013 case is not before us in this appeal.

**{¶15}** As Mason's first assignment of error concerns an order in a case that she did not appeal, we are without jurisdiction to review it.

Assignment of Error Number Two

THE TRIAL [COURT] VOILATED [SIC] APPELLANT[']S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENT[S] WHEN IT RULED THAT THE STOP, DETENTION AND SEARCH OF THE VEHICLE OF WHICH APPELLANT WAS A PASSENGER, AND THE CONTEMPORANEOUS ARREST, DETENTION AND SEARCH OF APPELLANT WAS VALID, WHEN THERE WAS NO PROBABLE CASUE [SIC] FOR ARREST AND NEITHER THE VEHICLE OR ITS OCCUPANTS WERE PRESENT OR RECENTLY PRESENT AT 321 GLENWOOD AVE[.], SUMMIT COUNTY, OHIO WHICH RESIDENCE WAS THE SUBJECT OF A SEARCH WARRANT[.]

Assignment of Error Number Three

THE TRIAL COURT ERRED WHEN IT BASED ITS DECISION DENYING APPELLANT'S MOTION TO SUPPRESS ON OHIO'S STRIP SEARCH LAW WHERE APPELLANT'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VOILATED [SIC] [.]

**{¶16}** For ease of analysis, we combine Mason's second and third assignments of error. In these assignments of error, Mason argues that the trial court erred in denying her motion to suppress. We disagree.

**{¶17}** On appeal from a no contest plea, a defendant may assert that the trial court prejudicially erred in ruling on a pretrial motion to suppress evidence. Crim.R. 12(I).

> Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusions of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

**{¶18}** As a preliminary matter, we address the State's argument that Mason's suppression challenge, and therefore our review, is limited to whether she was illegally detained when she

was transported from the site of the stop to her home and whether the strip search was conducted without legal justification.  In her initial motion to suppress, Mason challenged the initial stop of the vehicle, her continued detention and transport, and the subsequent strip search of her person.  At the beginning of the suppression hearing, counsel for the parties indicated that neither the search warrant itself nor the stop of the car was being disputed.  The assistant prosecutor also indicated that the search warrant was for the residence, and not for Mason's person.  Regarding the scope of the suppression hearing, Mason's attorney explained, "The focus is the basis upon which she was taken from the car to the eventual search scene and eventually searched."  To the extent Mason now challenges the traffic stop itself, the State is correct that she cannot raise a challenge to the stop on appeal when she withdrew that argument below.  At the suppression hearing, Mason continued to challenge whether she could be transported from the stop to the home and searched. Accordingly, those issues are properly before us.

{¶19} Mason first argues that she was improperly stopped and detained based on the search warrant for the home.  She notes that police have limited authority to detain occupants of a home while a search warrant is executed, but individuals cannot be brought to the scene in order to be searched. *Compare Michigan v. Summers*, 452 U.S. 692 (1981) *with Bailey v. United States*, 133 S.Ct. 1031 (2013).  She argues that the "traffic stop pursuant to the search warrant for 321 Glenwood was beyond the scope of the search warrant."  As noted above, Mason withdrew her challenge to the traffic stop below; therefore, this issue is not properly before us.

{¶20} Mason next argues that she was arrested without probable cause when she was detained and transported to her home.  Encounters with police span a continuum from consensual encounters to investigatory stops to seizures tantamount to an arrest.  *State v. McLemore*, 9th Dist. Lorain No. 13CA010435, 2014-Ohio-2116, ¶ 9.  Consensual encounters generally do not

implicate the Fourth Amendment. *Id.* But, "both an investigatory stop and an arrest constitute a 'seizure' within the meaning of the Fourth Amendment." *State v. Snyder*, 9th Dist. Medina No. 06CA0018-M, 2006-Ohio-6911, ¶ 13, quoting *United States v. Montgomery*, 377 F.3d 582, 587-588 (6th Cir.2004). A person is seized when "in view of all of the circumstances surrounding the incident, a reasonable person would believe that [she] was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). While probable cause is necessary for an arrest, an investigatory stop can be based on a reasonable suspicion that the person is, or is about to be, engaged in criminal activity. *See State v. Love*, 9th Dist. Lorain No. 13CA010388, 2015-Ohio-142, ¶ 7.

{¶21} In the instant matter, Mason was handcuffed and transported in a police cruiser from the site of the traffic stop to her home. There is no doubt that she was seized. The issue is whether that seizure was an investigatory stop or tantamount to an arrest.

{¶22} "In order to be termed an investigatory stop, the seizure must be temporary, lasting no longer than needed to effectuate the purpose of the stop, and the investigation must be conducted by the least intrusive means possible to allow the officer to verify or dispel the officer's suspicion in a short period of time." *Snyder* at ¶ 13. Ordinarily, the line between an investigatory stop and a seizure amounting to an arrest is crossed when police forcibly remove a person from a place where she is entitled to be and transport her to the police station (or similar location) for investigatory purposes. *McLemore* at ¶ 21. Nonetheless, not every transport of an individual rises to the level of an arrest. *See id.* at ¶ 22, citing *State v. Ha*, 9th Dist. Medina No. 07CA0089-M, 2009-Ohio-1134, ¶ 15-20 and *State v. Hillman*, 9th Dist. Wayne Nos. 07CA0048 and 07CA0049, 2008-Ohio-3204, ¶ 27-30. In addition, handcuffing a suspect does not per se transform an investigatory stop into an arrest. *Snyder* at ¶ 13.

{¶23} Mason does not specifically challenge the facts as found by the trial court and those facts are supported by the record. Det. Shoaff testified that a confidential informant had previously purchased drugs from Higgins' and Mason's residence. According to the informant, Higgins' modus operandi in transporting drugs was to hide them on his wife or another female in the car. That same informant reported that the couple would be transporting drugs on August 31st. Police stopped the couple, but did not find any drugs. The confidential informant told Det. Shoaff that the drugs were not found that day because they had been hidden in Mason's bra. In addition, Higgins was bragging on social media that the police had missed the drugs. On September 3rd, the confidential informant reported that Mason and Higgins would be coming from Brimfield with drugs hidden in the car or on a person. Given that Mason had previously hidden and transported drugs in her bra, the police had a reasonable suspicion that she was again hiding drugs in her undergarments.

{¶24} In *Hillman*, there was "no arrest when [a] defendant [was] transported to [the] police station for [a] strip search because it was impracticable for the search to take place at [the] defendant's current location." *McLemore* at ¶ 22, citing *Hillman* at ¶ 27-30. Similarly, the trial court in the present case noted, a "strip search could not be performed at the location of the traffic stop." We agree. As in *Hillman*, a strip search could not be performed along a public roadway and it was reasonable to transport Mason to a nearby private location. *See also* R.C. 2933.32(B)(6). The trial court also found that there was no significant delay further supporting that this was an investigatory detention. Det. Shoaff testified that the car's occupants were brought right to the house following the stop. While Mason was handcuffed and transported, under the circumstances, this appeared to be the least intrusive means to dispel the officer's reasonable suspicion in a short period of time.

{¶25} Finally, Mason argues that the trial court improperly relied on R.C. 2933.32 in upholding the search of her person. We do not reach this argument because Mason informed Det. Shoaff of the location of the drugs and retrieved them herself before any search occurred. An appellate court shall affirm a legally correct judgment, including the denial of a motion to suppress, even if the trial court's reasoning was flawed. *See, e.g., State v. Scott*, 9th Dist. Lorain No. 08CA009446, 2009-Ohio-672, ¶ 16.

{¶26} Prior to searching Mason, Det. Shoaff asked her if she had anything on her that the detective should be concerned about for her safety. After an initial denial, Mason reported that "she had something on her that she would like to tell [Det. Shoaff] about." She told the detective that she had a "baggie" and then retrieved a bag containing drugs from the buttocks area of her underwear. Thus, she was not subject to a search for the drugs.

{¶27} Mason's second and third assignments of error are overruled.

Assignment of Error Number Four

THE TRIAL COURT ERRED IN FINDING THE DEFENDANT-APPELLANT GUILTY UPON DEFENDANT-APPELLANT'S PLEA OF NO CONTEST IN THAT THE RECITATION OF FACTS PRESENTED BY THE STATE FAILED TO ESTABLISH A PRIMA FACIA CASE OF THE ALLEGED CHARGES OR THE LOCATION WHERE THE ALLEGED OFFENSES OCCURRED[.]

{¶28} In her fourth assignment of error, Mason argues that the trial court erred in finding her guilty following her no contest plea. We disagree.

{¶29} Initially, we note that Mason, in part, challenges the sufficiency of the evidence under this assignment of error. She identifies the standard of review for a sufficiency of the evidence challenge. In addition, she contends that "[n]o evidence was presented" as to various matters. By pleading no contest, Mason waived any challenge to the sufficiency of the evidence. *See State v. Polansky*, 9th Dist. Medina No. 13CA0012-M, 2014-Ohio-2571, ¶ 7. Thus, to the

extent that Mason challenges the sufficiency of the evidence, that argument is not properly before us.

{¶30} "Generally speaking, a no contest plea waives all nonjurisdictional defects to a felony conviction and leaves open for review only the sufficiency of the indictment." *State v. Cianci*, 9th Dist. Lorain No. 3947, 1986 WL 6675, *2 (June 11, 1986). "According to Crim.R. 11(B)(2), a no contest plea is 'not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *.'" *State v. Bird*, 81 Ohio St.3d 582, 584 (1998), quoting Crim.R. 11(B)(2). If the indictment contains sufficient allegations to state a felony offense, the court must find the defendant who pleads no contest guilty of the charged offense. *Bird*, 81 Ohio St.3d at syllabus. "A conviction will be improper only when statements of factual matter presented to the court in support of the indictment negate the existence of an essential element of the offense charged." *State v. Stow Veterans Assn.*, 35 Ohio App.3d 45, 46 (9th Dist.1987).

{¶31} In the present matter, each count in the indictment tracked the statutory language for the offense charged. At the beginning of the plea hearing, the State requested that the indictment be amended based on BCI testing results. More particularly, the amount of heroin was less than originally charged and the substance originally charged as methamphetamine was actually methadone. The trial court granted the amendment "to reflect the accurate state of the evidence." While Mason notes in her brief that she objected to the amendment below, she does not argue on appeal that the amendment was improperly granted.

{¶32} In its recitation of facts, the State detailed that police obtained a search warrant for 321 Glenwood Ave., a home belonging to Mason and Higgins. The day of the search, a car driven by Higgins was stopped a few blocks from the home. The car's four occupants, including

Mason, were transported to the home for a strip search. Prior to the search, Mason retrieved a bag from her underwear. The bag contained, inter alia, what tested on scene as methamphetamine and 1.5 grams of heroin. A digital scale was also found in the kitchen. BCI testing determined that the first substance was methadone and the amount of heroin was 0.69 grams.

{¶33} The State continued that another passenger in the car that day observed multiple drug transactions at the home. The State elaborated that the passenger would testify that, within 18 to 24 hours before the arrest, she had witnessed six or seven drug transactions at the home. The passenger had observed both Mason and Higgins engaging in drug transactions, handling the drugs or taking the money. In addition, she had observed both Mason and Higgins weigh the drugs on the digital scale that was found in the kitchen.

{¶34} Mason contends that the "statements of facts negate the elements of the offenses charged." Mason notes that the BCI report "revealed the drugs were not in fact what they were initially alleged." But, she also acknowledges that the State was permitted to amend the indictment on the day of the plea. Mason pled no contest after the indictment was amended. Therefore, she pled to, and admitted the facts in, the indictment as amended to reflect the BCI results. Moreover, Mason does not directly state which elements, or even which counts, were negated by the State's recitation of the facts. We will not make an argument on her behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out.").

{¶35} Mason's fourth assignment of error is overruled.

III

{¶36} We lack jurisdiction to address Mason's first assignment of error. Her second, third, and fourth assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

AVIVA L. WILCHER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.