[Cite as *State v. Bennett*, 2015-Ohio-3560.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 14-COA-029 |
| | : | |
| KIRK A. BENNETT | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court
                             of Common Pleas, Case No. 14-CRI-
                             075



JUDGMENT:                    AFFIRMED




DATE OF JUDGMENT ENTRY:      August 27, 2015




APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

CHRISTOPHER R. TUNNELL                  CHRISTINA I. REIHELD
ASHLAND CO. PROSECUTOR                  P.O. Box 532
PAUL T. LANGE                           Danville, OH 43014
110 Cottage St., 3rd Floor
Ashland, OH 44805

*Delaney, J.*

{¶1}   Appellant Kirk A. Bennett appeals from the October 1, 2014 Judgment Entry - Sentencing of the Ashland County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This appeal arises from a negotiated plea.  The underlying facts are taken from the pre-sentence investigation (P.S.I.), which has been made part of the record for our review.

{¶3}   A detective with the Ashland Police Department received reliable information that appellant was selling marijuana from his father's residence at 802 Cottage Street, Ashland.  The detective surveilled the residence and observed people with "criminal histor[ies] for marijuana use or trafficking" coming and going from the house for short periods of time.

{¶4}   Investigators obtained a search warrant for the residence which was executed on May 6, 2014.  Marijuana was found in appellant's bedroom and appellant told officers "Anything illegal you find in [the house] is mine."  Officers found cash, digital scales, baggies, and a paper ledger documenting sales.  Regarding the quantity of marijuana found, the P.S.I. contains the following statement by the detective:

> * * * *.
>
> I weighed the marijuana and it weighed 2.70 pounds, the baggie that was laying outside of the bag weighed only .70 pounds. This means there was a little over 1/4 pound missing.  The other 2 baggies weighed exactly 1 pound.  It's obvious [appellant] was

selling the marijuana, from the amount he had, the digital scales,

paper ledger, multiple baggies and the short term traffic I saw in

and out of his house.

* * * *.

(P.S.I., 6).

{¶5} Appellant was charged by indictment with one count of possession of marijuana in violation of R.C. 2925.11(A), a felony of the third degree [Count I]; one count of trafficking in marijuana in the vicinity of a school pursuant to R.C. 2925.03(A)(1), a felony of the fourth degree [Count II]; one count of trafficking in marijuana pursuant to R.C. 2925.03(A)(2), a felony of the second degree [Count III]; and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree [Count IV]. Counts I, II, and III include a forfeiture specification pursuant to R.C. sections 2981.04 and 2941.1417 related to $797 cash and a Samsung cell phone.

{¶6} Count I of the indictment references an amount of marijuana in excess of 1000 grams but less than 5000 grams possessed by appellant on May 6, 2014. Count II addresses trafficking marijuana in the vicinity of a school between May 1 and May 6, 2014. Count III applies to trafficking marijuana in an amount exceeding 1000 grams but less than 5000 grams in the vicinity of a school between March 25, 2014 and May 6, 2014. Finally, Count IV references baggies, pipes, digital scales, and/or rolling papers possessed by appellant on May 6, 2014.

{¶7}   On August 6, 2014, appellant entered negotiated pleas of guilty to Counts I and II and the accompanying forfeiture specifications.  Appellee dismissed Counts III and IV.  The trial court set the matter for sentencing pending a P.S.I.

{¶8}   On October 1, 2014, the trial court sentenced appellant to a prison term of 36 months on Count I to be served concurrently with a term of 15 months on Count II.

{¶9}   Appellant now appeals from the judgment entries of his convictions and sentences.

{¶10} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶11} "I.   THE TRIAL COURT ERRED WHEN IT DID NOT MERGE THE POSSESSION AND TRAFFICKING COUNTS FOR PURPOSES OF SENTENCING."

{¶12} "II. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO THE MAXIMUM SENTENCE IN PART BASED UPON THE REQUEST OF THE LOCAL MUNICIPAL JUDGE TO MAKE AN EXAMPLE OF APPELLANT IN ORDER TO PREVENT FUTURE OFFENDERS FROM COMMITTING MISDEMEANORS AFTER FELONY SENTENCING, IN EFFECT ASKING THE TRIAL COURT TO SENTENCE APPELLANT BASED UPON THE MUNICIPAL JUDGE'S BELIEF THAT HE COULD NOT ADEQUATELY PUNISH THE APPELLANT FOR A MISDEMEANOR IN A SEPARATE CASE."

**ANALYSIS**

I.

{¶13} In his first assignment of error, appellant argues the trial court should have merged the possession offense of Count I and the trafficking offense of Count II for sentencing purposes. We disagree.

{¶14} At the sentencing hearing, defense trial counsel argued Counts I and II should merge but appellee objected, noting Count I related to marijuana found during execution of the search warrant on May 6, 2014 and Count II related to sales of marijuana in the vicinity of a school observed between May 1 and May 6, 2014.

{¶15} R.C. 2941.25 states as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶16} Appellant entered guilty pleas to the following offenses:

**I. Count I, possession of marijuana in an amount greater than or equal to one thousand grams but less than five thousand grams pursuant to R.C. 2925.11(A) and (C)(3)(d):**

No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of possession of marihuana. The penalty for the offense shall be determined as follows:

If the amount of the drug involved equals or exceeds one thousand grams but is less than five thousand grams, possession of marihuana is a felony of the third degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

**II. Count II, trafficking marijuana in the vicinity of a school pursuant to R.C. 2925.03(A)(1) and (C)(3)(b):**

No person shall knowingly * * * [s]ell or offer to sell a controlled substance or a controlled substance analog[.]

If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this

section is guilty of trafficking in marihuana. The penalty for the offense shall be determined as follows:

Except as otherwise provided in division (C)(3)(c), (d), (e), (f), (g), or (h) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the fourth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶17} The question of whether offenses merge for sentencing depends upon the subjective facts of the case in addition to the elements of the offenses charged. In a plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*, 128 Ohio St.3d 1405, 2010–Ohio–6314. The Court directed us to look at the elements of the offenses in question and determine whether or not it is possible to commit one offense and commit the other with the same conduct. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge according to *Johnson*, supra.

{¶18} The Court has recently spoken again on merger issues and offers a framework for our analysis:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Ruff*, ---Ohio St.3d---,  2015-Ohio-995, ---N.E.3d---, ¶ 31.

{¶19} While objectively marijuana possession and marijuana trafficking may sometimes be allied offenses of similar import, in the instant case they are not.  The offenses are dissimilar in import and significance: possession of marijuana at the residence versus sale transactions performed in the vicinity of a school.  The offenses were committed separately: the search warrant resulting in the marijuana found [Count I] was based upon the transactions observed in Count II.  The offenses were committed with a separate animus[1] or motivation: the "managerial" necessities of marijuana dealing including storing the product versus the actual selling thereof.

---

[1] "R.C. 2941.25(B), by its use of the term 'animus,' requires [courts] to examine the defendant's mental state in determining whether two or more offenses may be chiseled from the same criminal conduct. In this sense, * * * the General Assembly intended the term 'animus' to mean purpose or, more properly, immediate motive. Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances." *State v. Sydnor*, 4th Dist. Scioto No. 10CA3359, 2011-Ohio-3922, ¶ 39, citing *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979) (citations omitted).

{¶20} We thus agree with appellee that the instant case shares many similarities with *State v. Williams*, 5th Dist. Licking No. 2012-CA-34, 2012-Ohio-4708, in which the counts of possession and trafficking related to separate and distinct occurrences: "This is not a case where the trafficking and possession counts arose from delivery of the same amount of drugs that was possessed by [appellant]. After [appellant] sold the five unit doses to the undercover informant, he walked away. At that point, he continued to possess an additional 28 unit doses of heroin." Id. at ¶ 23. See also, *State v. Montoya*, 12th Dist. Clermont No. 2012-02-015, 2013-Ohio-3312, ¶ 64, appeal allowed, 137 Ohio St.3d 1410, 2013-Ohio-5096, 998 N.E.2d 510, and aff'd, 138 Ohio St.3d 345, 2014-Ohio-848, 6 N.E.3d 1172 [appellant sold only a portion of narcotics on each occasion and possessed the remainder, "constituting a separate act with a different animus"]. IN the case sub judice, as set forth in Counts I and II, the possession is separate from the trafficking.

{¶21} We therefore conclude Counts I and II are not allied offenses of similar import and the trial court properly did not merge the offenses for sentencing. Appellant's first assignment of error is overruled.

II.

{¶22} In his second assignment of error, appellant argues the trial court should not have relied upon an email from the municipal judge advising it of problems appellant caused at the jail while awaiting felony sentencing. We disagree.

{¶23} First, we note the trial court "may consider any other factors that are relevant to achieving those purposes and principles of sentencing" in addition to the statutory factors it is required to consider. R.C. 2919.12(A). We thus disagree with

appellant's underlying premise that the trial court could not take the email from the municipal court judge into account when fashioning appellant's sentence.

{¶24} More significantly in this case, however, we agree with appellee there is no evidence in the record the trial court took the email into account at all. The record of the sentencing hearing establishes only that the trial court "received and reviewed a [P.S.I.] supplemented by some information from Judge Good of the Ashland Municipal Court, and that material has been reviewed by the Court and made available for Counsel and Counsel's review as well." (T. 3). In comparison, the trial court did specifically note it took into account appellant's prior felonies. (T. 7). The P.S.I. contains a lengthy criminal history including offenses of violence and multiple drug-related offenses, including possession and trafficking of marijuana.

{¶25} We find no evidence the trial court took any impermissible factor in account in fashioning appellant's sentence. Appellant's second assignment of error is therefore overruled.

## CONCLUSION

{¶26} Appellant's two assignments of error are overruled and the judgment of the Ashland County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Gwin, P.J.

Wise, J., concur.