[Cite as *State v. Carney*, 2017-Ohio-8585.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160660 |
| | | TRIAL NO. B-1503485 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| FURIOUS CARNEY, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 17, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Rhett Baker*, for Defendant-Appellant.

DETERS, Judge.

{¶1}   Following a jury trial, defendant-appellant Furious Carney was convicted of one count of having weapons while under a disability under R.C. 2923.13(A)(3) and one count of carrying concealed weapons under R.C. 2923.12(A)(2).   He was acquitted of one count of felonious assault with accompanying firearm specifications.   The trial court sentenced Carney to three years' imprisonment on the weapons-under-a-disability charge and 18 months' imprisonment on the carrying-concealed-weapons charge, to be served consecutively.   We find no merit in Carney's two assignments of error, and we affirm his convictions.

## I.    *Juvenile Adjudication as a Disability*

{¶2}    In his first assignment of error, Carney contends that his conviction for having weapons while under a disability must be vacated.   He argues that under the Ohio Supreme Court's decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, a juvenile adjudication cannot be the disability on which the conviction is based.   This assignment of error is not well taken.

{¶3}    In *Hand*, the Ohio Supreme Court held that because a juvenile adjudication is not established through a procedure that provides a right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum.   *Id.* at paragraph two of the syllabus.   Carney seeks to extend that holding to the disability element of having weapons while under a disability.

{¶4}    This court rejected that argument in *State v. Carnes*, 2016-Ohio-8019, 75 N.E.3d 774 (1st Dist.).   We stated that "the mere fact of Carnes's 1994 adjudication imposed a disability that made it illegal under R.C. 2923.13(A)(2) for Carnes to

2

possess a firearm in Ohio. The reliability of Carnes's adjudication is immaterial for purposes of that statute." *Id.* at ¶ 14. We went on to state,

> The dissent relies on *State v. Hand* * * * for its position that Carnes's adjudication should be off-limits for purposes of establishing the disability element of the WUD charge. *Hand* does not apply in this case. Its holding is limited to banning the use of a juvenile adjudication to enhance punishment. It is therefore not relevant to the issue raised in this appeal.

*Id.* at ¶ 15.

{¶5} We reiterated that holding in *State v. McCray*, 1st Dist. Hamilton No. C-160272, 2017-Ohio-2996. We stated,

> In *State v. Carnes* * * * , we recently declined to extend the application of *Hand* to bar the use of a juvenile adjudication to prove the disability element of a weapon-under-disability charge under R.C. 2923.13(A)(2). Therefore, we hold that McCray's right to due process was not violated by the use of his prior juvenile adjudication to prove the disability element of his weapon-under-disability convictions.

*Id.* at ¶ 21.

{¶6} Very recently, in *State v. Barfield*, 1st Dist. Hamilton No. C-160768, 2017-Ohio-8243, we reaffirmed and explained our holding in *Carnes*. We held that *Hand* was not dispositive of that case, but instead *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), controlled. In *Lewis*, the United States Supreme Court held that an invalid felony conviction could constitute a disability to prohibit the possession of a firearm without running afoul of the United States Constitution. *Id.* at 66-67; *Barfield* at ¶ 9. It reasoned that "the federal gun laws * * * focus not on reliability, but on the mere fact of conviction, or even indictment, in

3

order to keep firearms away from potentially dangerous persons." *Barfield* at ¶ 9, quoting *Lewis* at 67.

{¶7}   We explained,

Barfield argues that because a prior adjudication is not reliable enough to enhance a sentence or the degree of an offense, it is not reliable enough to prove a disability element in R.C. 2923.13.  We do not read *Hand* so expansively.   *Hand* concerned the due process implications of a statute that (1) equated a juvenile adjudication with an adult conviction, and (2) treated the adjudication as a conviction to enhance a sentence.   The statute in this case does not treat an adjudication as an adult conviction.   The juvenile adjudication is a disability in its own right.   Further, the disability element in the statute is not a penalty-enhancing element.   It is an element of the crime. Consequently, the due process concerns raised in *Hand* do not exist in this case.

\* \* \*

Under the *Lewis* line of cases, a legal disability can arise from far less than a jury-eligible criminal conviction.  For example, under R.C. 2923.13(A)(1)-(5), a person is under a "disability" if he or she is a fugitive from justice, is under indictment for certain felony offenses, is drug-dependent or in danger of drug dependence, is under adjudication of mental incompetence, has been adjudicated as a "mental defective," has been committed to a mental institution, has been found by a court to be mentally ill, or is an involuntary patient. None of these "disabilities" come with the procedural or substantive safeguards that precede a valid adult criminal conviction.  To hold as

4

Barfield suggests would effectively eradicate prohibitions on the possession of weapons by anyone other than an adult convict who had been afforded the right to a jury trial. *Lewis* clearly states the United States Constitution does not require this result.

*Barfield* at ¶ 7 and 10. *Accord State v. Hudson*, 7th Dist. Mahoning No. 15 MA 0134, 2017-Ohio-645, ¶ 49-51 (applying *Hand* "would essentially mean a prior juvenile offender could not be prohibited from carrying a firearm").

{¶8}    We continue to follow our precedent as set forth in *Carnes, McCray* and *Barfield.* We hold that the Ohio Supreme Court's decision in *Hand* does not preclude Carney's juvenile adjudication from being the disability upon which his weapons-under-a-disability conviction was based. We, therefore, decline to vacate the conviction on that basis.

## II. Ineffective Assistance of Counsel

{¶9}    Under his first assignment of error, Carney also contends that his counsel was ineffective for failing to raise the issue of the alleged unconstitutionality of the use of the juvenile adjudication as the disability before or during the jury trial. He argues that his counsel should have filed a pretrial motion to dismiss, should have refused to stipulate to the disability, and should have objected to any attempt to admit evidence of the juvenile adjudication.

{¶10} As Carney acknowledges, his counsel did not have the benefit of the Ohio Supreme Court's decision in *Hand* during the jury trial because it had not yet been released. Counsel did raise the issue at the sentencing hearing, stating that the weapons-under-disability conviction was not "applicable to Mr. Carney" because it was based on a juvenile adjudication. Carney further acknowledges that his counsel

"aggressively defended" him in this case and won an acquittal on the most serious charge against him.

{¶11} Carney has failed to demonstrate that counsel's performance was deficient or that but for counsel's deficient performance, the result of the proceeding would have been different. Therefore, he has failed to meet his burden to show ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988); *State v. Hackney*, 1st Dist. Hamilton No. C-150375, 2016-Ohio-4609, ¶ 36-38. We overrule Carney's first assignment of error.

### III. Vindictiveness in Sentencing

{¶12} In his second assignment of error, Carney contends that he was improperly sentenced. First, he argues that the trial court improperly indicated it would impose the maximum sentence if he did not take a plea bargain, and that he was penalized for exercising his right to a jury trial.

{¶13} The Ohio Supreme Court has held that no presumption of vindictiveness exists when a defendant rejects a plea bargain and is subsequently sentenced to a harsher term of imprisonment. The defendant bears the burden to show that the judge acted vindictively. *State v. Rehab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 3. An appellate court may reverse a sentence for vindictiveness only if, after examining the entire record, it clearly and convincingly finds that the sentence was based on actual vindictiveness. *Id.*

{¶14} The record does not clearly and convincingly demonstrate that Carney's sentences were the result of actual vindictiveness. Carney relies on *State v. Stafford*, 158 Ohio App.3d 509, 2004-Ohio-3893, 817 N.E.2d 411 (1st Dist.), which is distinguishable. In *Stafford*, the trial court actively engaged in plea discussions and

6

threatened that it would give the defendant a "heavier sentence" if he exercised his right to a jury trial. Therefore, we held that the trial court had violated the defendant's due-process rights. *Id.* at ¶ 26.

{¶15} In this case, the trial court's comments about which Carney complains came as part of a discussion about Carney's attorney. Counsel called the trial court's attention to Carney's dissatisfaction with counsel's representation. The court was trying to explain to Carney that counsel was a good attorney who had done a good job in representing him. As an illustration, it pointed out that counsel had negotiated a good deal for him. When Carney persisted, the court discussed the maximum penalty he could receive if convicted. The court did not urge him to accept the deal or advise him against going to trial. In fact, the jury had already been selected.

{¶16} At sentencing, the trial court did not discuss the plea bargain in any way. It discussed the serious nature of the charges and Carney's lengthy criminal history. But the court also listened to Carney and to his family members who came to speak on his behalf. While the court ordered the two sentences to run consecutively, it did not impose the maximum terms. Under the circumstances, Carney has failed to demonstrate that the sentence was the result of actual vindictiveness by the trial court. *See Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, at ¶ 19.

### *IV. Consecutive Sentences*

{¶17} Next, Carney argues that the trial court erred in imposing consecutive sentences. The trial court made the findings required by former R.C. 2929.14(C)(4) and set forth those findings in its judgment entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus; *State v. Simmons*, 2014-Ohio-

3695, 19 N.E.3d 517, ¶ 114-117 (1st Dist.). Carney argues that he had a minimal adult criminal history, and that, following *Hand*, the court could not have considered his juvenile adjudications in imposing consecutive sentences.

{¶18} This court rejected that argument in *State v. Bromagen*, 1st Dist. Hamilton No. C-120148, 2012-Ohio-5757. We noted that the applicable statutes specifically allowed the sentencing court to consider the defendant's history of criminal conduct. We stated,

> As Bromagen correctly notes, a juvenile-delinquency adjudication is not a criminal conviction. * * * But it does not necessarily follow from that statement that juvenile adjudications cannot be used to demonstrate a history of criminal conduct. If, as Bromagen argues, the General Assembly had intended to limit a sentencing court's review of prior actions to criminal convictions, it could have done so. But the legislature, in both former R.C. 2929.14(E)(4)(c) and newly enacted R.C. 2929.14(C)(4)(c), at issue here, has, [sic] stated that "an offender's history of criminal *conduct*" can support the imposition of consecutive sentences. We must give effect to the words the General Assembly actually used. In determining legislative intent, we are not free to delete words or insert words not used.

(Emphasis sic.) *Id.* at ¶ 8.

{¶19} We also noted that the applicable statutes "mandate that a sentencing court is required to consider juvenile adjudications when it determines the likelihood of an adult offender's recidivism." *Id.* at ¶ 10. We further stated,

> Clearly an offender's prior criminal conduct bears directly on a sentencing court's decision on the length of sentence to impose. And a

8

sentencing court is entitled to rely on a defendant's juvenile history of criminal conduct in deciding whether consecutive sentences are necessary.

*Id.* at ¶ 9.

{¶20} We note that *Bromagen* was decided before *Hand*. But *Hand* did not involve the application of R.C. 2929.14, which governs the imposition of consecutive sentences. We decline to expand the holding of *Hand* to the imposition of consecutive sentences. Absent further guidance from the Ohio Supreme Court, we will continue to follow our precedent in *Bromagen*.

{¶21} Under the circumstances, we cannot hold that the trial court erred in imposing consecutive sentences. We overrule Carney's second assignment of error.

### *V. Summary*

{¶22} In sum, we find no merit in Carney's two assignments of error. The trial court did not err in convicting Carney of having weapons while under a disability or in sentencing him. Consequently, we overrule his two assignments of error and affirm the trial court's judgment.

*Judgment affirmed.*

**MYERS, J.,** concurs.
**ZAYAS, P.J.,** concurs in part and dissents in part.

**ZAYAS, P.J.,** concurring in part and dissenting in part.

{¶23} I respectfully dissent from the majority opinion with regard to the use of a prior juvenile adjudication as an element of an adult Offense. I agree with Judge Cunningham's dissent in *State v. Carnes* that: "If juvenile adjudications are not reliable enough to enhance a criminal sentence, surely they are not sufficiently reliable to alone sustain proof beyond a reasonable doubt of an element of a crime."

9

*Carnes*, 2016-Ohio-8019, 75 N.E.3d 774, at ¶ 19 (Cunningham, P.J., dissenting). Therefore, I would sustain the first assignment of error, reverse the trial court's judgment in part, and vacate the conviction for having weapons under a disability. I would affirm the trial court's judgment in all other respects.

Please note:

> The court has recorded its own entry this date.