[Cite as *State v. Kremer*, 2018-Ohio-3339.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS.  CA2017-07-115 |
| Plaintiff-Appellee, | : | CA2017-07-116 |
| | : | O P I N I O N |
| - vs - | | 8/20/2018 |
| | : | |
| VINCENT W. KREMER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16 CR 31735


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Repper-Pagan Law, Ltd., Christopher Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Vincent Kremer, appeals his conviction and sentence in the Warren County Court of Common Pleas.  For the reasons detailed below, we affirm in part, reverse in part, and remand this matter to the trial court.

{¶ 2}   On March 14, 2016, Kremer was indicted in Case No. 16CR31735 on three counts of aggravated trafficking in 25C-NBOMe, aggravated trafficking in Psilocyn [sic] mushrooms, aggravated possession of Psilocyn [sic] mushrooms, aggravated possession of

25C-NBOMe, possession of Clonazepam, and possession of criminal tools.  Kremer was released on bond and placed on electronic monitored house arrest ("EMHA").

{¶ 3}  One day before he was scheduled to appear for a negotiated plea hearing, Kremer removed his EMHA device.  Kremer was found later that day selling drugs at the Baymont Inn located in Mason.  As a result, the trial court revoked Kremer's bond.  While in jail, Kremer called an individual, accused him of stealing drugs, and threatened that he would "get it" if the individual did not put $500 in his commissary account.

{¶ 4}  On August 8, 2016, Kremer was indicted on new charges in Case No. 16CR32152 for possession of LSD, trafficking in LSD, aggravated possession of DMT, aggravated trafficking in DMT, aggravated possession of Fluoro-AMB, aggravated trafficking in Fluoro-AMB, possession of criminal tools, and extortion.  Thereafter, on April 12, 2017, Kremer pled guilty to all charges contained in both indictments and received a 13-year prison sentence.  Kremer now appeals, raising five assignments of error for review.  For ease of discussion, we have reordered Kremer's assignments of error.

{¶ 5}  Assignment of Error No. 1:

{¶ 6}  KREMER'S CONVICTION IS CONTRARY TO LAW AS THE COURT LACKED SUBJECT MATTER JURISDICTION TO ENTER A CONVICTION.

{¶ 7}  In his first assignment of error, Kremer argues the trial court lacked subject matter jurisdiction to enter a conviction.  The limited issue before this court is whether the indictments charge an offense, which properly invokes the trial court's subject matter jurisdiction.  We find Kremer's argument lacks merit.

{¶ 8}  "[T]he Ohio Constitution guarantees an accused that the essential facts constituting the offense for which he is tried will be found in the indictment by the grand jury." *State v. Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, ¶ 12.  "An indictment meets constitutional requirements if it 'first, contains the elements of the offense charged and fairly

informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *State v. Mielke*, 12th Dist. Warren No. CA2012-08-079, 2013-Ohio-1612, ¶ 30, quoting *Jackson* at ¶ 13.

{¶ 9} In *Jackson*, the Ohio Supreme Court held that "for the purpose of identifying the drug involved in a drug-trafficking offense under R.C. 2925.03(A), an indictment is sufficient if it names the schedule in which the drug appears." *Id*. at paragraph one of the syllabus. In so holding, the Ohio Supreme Court noted "that the schedule of the drug involved" sufficiently puts the defendant "on notice of the severity of the offense, i.e., trafficking or aggravated trafficking." *Id*. at ¶ 20, citing *State v. Headley*, 6 Ohio St.3d 475, 479 (1983).

{¶ 10} Kremer challenges counts one, two, three, and six in Case No. 16CR31735 and counts five and six in Case No. 16CR32152 arguing the respective drugs, i.e., 25C-NBOMe and Fluoro-AMB, were not Schedule I controlled substances at the time of his arrest.

{¶ 11} However, following review, we find Kremer's argument is without merit. In the first indictment, the state stated that Kremer trafficked and possessed "25C-NBOMe, a Schedule I controlled substance." Likewise, the second indictment stated that Kremer possessed and trafficked "Fluoro-AMB, a schedule I controlled substance." As a result, the challenged counts in Kremer's indictments properly identified the schedule of the drug. Therefore, the indictments satisfy *Jackson* for purposes of identifying the drug offense. Kremer's claim otherwise lacks merit.

{¶ 12} In reaching this decision, we also disagree with Kremer's contention that forms the basis of this assignment of error. Though he claims otherwise, 25C-NBOMe and Fluoro-AMB were both Schedule I controlled substances at the time of his arrest. 21 C.F.R. 1308.11(h)(5); Ohio Adm.Code 4729-11-02(B). Finally, we note the well-established law that "by pleading guilty, a defendant admits to committing the offense as charged." *State v.*

*Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575. Simply stated, a guilty plea is a complete admission of the defendant's guilt, and also waives "any deficiency in the indictment." *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73. Kremer's claim otherwise lacks merit. Therefore, finding no merit to Kremer's claims raised herein, Kremer's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT'S SENTENCE ENHANCEMENT VIOLATED KREMER'S CONSTITUTIONAL DUE PROCESS RIGHTS.

{¶ 15} Relying on the Ohio Supreme Court's decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, Kremer argues in his second assignment of error that the trial court committed plain error by imposing a sentencing enhancement based on a prior juvenile adjudication. Kremer also argues that he received ineffective assistance of counsel because counsel did not raise this issue before the trial court. We agree that counsel was ineffective for failing to raise this issue.

{¶ 16} In *Hand*, the Ohio Supreme Court held that it "is a violation of due process to treat a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime." *Id.* at ¶ 1. In so holding, the Ohio Supreme Court explained that "[q]uite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one." *Id.* at ¶ 38.

{¶ 17} There are only limited instances where a defendant who pleads guilty to an offense may claim ineffective assistance of counsel on appeal. Indeed, a plea of guilty waives the right to claim that one was prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary. *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 33. When the alleged error underlying a motion to withdraw a guilty plea is ineffective

assistance of counsel, the movant must show that (1) his counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Id.* at ¶ 34.

{¶ 18} Kremer pled guilty to count seven in Case No. 16CR31735 for possession of drugs with a previous conviction for a drug abuse offense in violation of R.C. 2925.11(C)(2)(b). That statute provides that possession of drugs is a first-degree misdemeanor unless the offender has previously been convicted of a drug abuse offense, thereby raising the offense to a fifth-degree felony. Here, Kremer had a prior juvenile adjudication for a drug abuse offense, but no prior adult conviction. Consistent with *Hand*, Kremer's juvenile adjudication should not have been used to enhance his penalty to a fifth-degree felony. Nevertheless, Kremer's trial counsel did not raise this issue below.

{¶ 19} We agree that trial counsel was ineffective for having failed to raise this issue in the trial court. Unlike in prior cases where this issue has been raised on appeal, the decision in *Hand* was released prior to Kremer's guilty plea or conviction. *See State v. Carney*, 1st Dist. Hamilton No. C-160660, 2017-Ohio-8585, ¶ 10. A review of the decision in *Hand* should have alerted Kremer's trial counsel to the fact that Kremer should have only been charged with a first-degree misdemeanor, as opposed to the fifth-degree felony. Therefore, we find Kremer's counsel fell below an objective standard of reasonableness with respect to count seven, possession of drugs with a previous conviction for a drug abuse offense in violation of R.C. 2925.11(C)(2)(b).

{¶ 20} We also find that Kremer was prejudiced by counsel's actions in entering his guilty plea on that count. In this case, there is a reasonable probability that Kremer would not have pled guilty to count seven as an enhanced penalty because, pursuant to *Hand*, his juvenile adjudication could not be used as a sentence enhancement on that charge. Although we acknowledge that Kremer pled guilty to numerous offenses and his sentence on

- 5 -

that count was ordered to be served concurrently with several other sentences, Kremer is still prejudiced by pleading guilty to an enhanced penalty for which an underlying conviction did not exist. The additional felony conviction in this case is prejudicial.

{¶ 21} In light of the foregoing, we find Kremer received ineffective assistance of counsel only as to count seven in Case No. 16CR31735 for possession of drugs with a previous conviction for a drug abuse offense in violation of R.C. 2925.11(C)(2)(b). As a result, we find his conviction on that count should be reversed and remanded to the trial court for further proceedings. Kremer's second assignment of error is sustained.

{¶ 22} Assignment of Error No. 4:

{¶ 23} THE TRIAL COURT ERRED BY HOLDING KREMER WITHOUT BAIL AND BY NOT IMPOSING A NEW BAIL AMOUNT FOLLOWING NEW CRIMINAL CHARGES.

{¶ 24} In his fourth assignment of error, Kremer argues the trial court erred by denying him bail following his indictment on new criminal charges. Kremer also alleges a new charge of ineffective assistance of counsel. We disagree.

{¶ 25} "When a 'court determines that the accused has violated conditions of bail, whether the conditions be express or implied, the accused is subject to the court's sanctioning authority for violation of the conditions, including revocation of bail.'" *State v. Wright*, 6th Dist. Sandusky No. S-09-023, 2010-Ohio-2620, ¶ 32, quoting *In re Mason*, 116 Ohio App.3d 451, 454 (7th Dist.1996). The decision of the trial court in this regard is reviewed on an abuse of discretion standard. *Id.*, citing *State v. Clinkscale*, 177 Ohio App.3d 294, 2008-Ohio-1677, ¶ 18 (10th Dist.). An abuse of discretion is more than a mistake of law or a lapse of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 14.

{¶ 26} In the present case, Kremer was originally indicted and released on EMHA

pending trial. However, the day before he was scheduled to appear for a negotiated plea hearing, Kremer removed his EMHA device and was later located at the Baymont Inn selling drugs, which led to the new charges. Based on these facts, the trial court did not abuse its discretion by revoking Kremer's bail and ordering that he be held in custody until trial.

{¶ 27} Kremer next argues his counsel was ineffective for failing to file a motion to suppress statements made while "illegally detained." However, as noted above, Kremer was not illegally detained. Furthermore, Kremer argues his counsel was ineffective for failing to move to suppress statements made on the telephone while in jail that ultimately resulted in the extortion offense. Contrary to Kremer's argument otherwise, counsel was not deficient in this regard as any motion would have been meritless. *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, ¶ 117 ("counsel is not deficient for failing to raise a meritless issue"). *See, e.g., State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶ 122 (jailhouse conversations admissible in evidence); *State v. Harper*, 6th Dist. Lucas No. L-15-1310, 2017-Ohio-1395, ¶ 42-46. Kremer's fourth assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE TRIAL COURT FAILED TO MERGE, AND TRIAL COUNSEL FAILED TO RAISE AND ARGUE THAT ALLIED OFFENSES MUST MERGE UNDER R.C. 2921.45.

{¶ 30} Assignment of Error No. 5:

{¶ 31} THE RECORD DOES NOT SUPPORT THE SENTENCE.

{¶ 32} We will address Kremer's third and fifth assignments of error together. In his third assignment of error, Kremer argues his convictions for trafficking in drugs and possession of drugs in counts one through six in Case No. 16CR32152 are allied offenses of similar import that should merge for purposes of sentencing. In his fifth assignment of error, Kremer argues the record does not support the 13-year sentence imposed by the trial court.

{¶ 33} Pursuant to R.C. 2941.25, Ohio's allied-offenses statute, the imposition of

multiple punishments for the same criminal conduct is prohibited. *State v. Rodriguez*, 12th Dist. Butler No. CA2015-02-024, 2016-Ohio-452, ¶ 23. If any of the following occurs, the defendant may be convicted and sentenced for multiple offenses: "(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23.

{¶ 34} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id.* at ¶ 26. An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 14; *State v. Davis*, 12th Dist. Butler No. CA2012-09-194, 2013-Ohio-2637, ¶ 8.

{¶ 35} After reviewing the limited record before us, we find that we are unable to determine whether Kremer's convictions for the possession and trafficking in LSD, DMT, and Fluoro-AMB should have merged. At the plea hearing, the state presented the following facts:

> In reference to case number 32152, these occurred - - all but one occurred on July 5th, 2016 at the Baymont Inn in Mason, Warren County, Ohio, the Defendant possessed and as well had prepared [sic] for sale three differed drugs.
>
> Counts I and II are in reference to 0.79 grams of LSD, 39 squares. Again, bulk amount is 10.

Counts III and Count IV is in reference to DMT, a Schedule I controlled substance, was determined to be 0.42 grams.

Count V and Count VI was 2.99 grams of a Fluoro-AMB, a Schedule I controlled substance. Again, each of these were - - substances were located on or about the Defendant's person or in his possession in a bag that belonged to him. He admitted that these items were his and they were prepared for sale.

At the sentencing hearing, the state again stated:

That, of course, was before what happened on the night of July 5th, 2016. Before he was able to come in and plead guilty, he slipped off his electronic monitor. He obtains drugs, whether he's had it before or he obtained it that evening, it is unknown.

He has his girlfriend pick him up, drive him to the Baymont Inn in Mason and they get a room and he sells drugs from that room. He tells officers that money that was found, the money part of the specification were the result of trafficking in drugs, and he had a barrage of different drugs. And he was busted then, taken into jail, his bond was revoked.

{¶ 36} Initially, we note that possession and trafficking can constitute allied offenses of similar import, except in instances where the offenses are committed separately or where a different animus or motivation is apparent. *Rodriguez*, 2016-Ohio-452 at ¶ 31; *State v. Montoya*, 12th Dist. Clermont No. CA2012-02-015, 2013-Ohio-3312, ¶ 64; *State v. Bennett*, 5th Dist. Ashland No. 14-COA-029, 2015-Ohio-3560, ¶ 19

{¶ 37} This court addressed a similar issue in *State v. Whitaker*, 12th Dist. Preble No. CA2012-10-013, 2013-Ohio-4434, where we reversed and remanded the matter to the trial court to conduct the necessary allied offense analysis. *Id.* at ¶ 61. In that case, we noted that allied offenses of similar import must be merged at sentencing. *Id.* at ¶ 46. "'Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import." *Id.*, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 26. Furthermore, "'[u]nder R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct.'" *Id.*, quoting *State v. Johnson*,

128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 47. "A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary." *Underwood* at ¶ 26.

{¶ 38} Similarly, based on the limited information in the record, we cannot determine whether Kremer was sentenced to allied offenses of similar import for the possession and trafficking of LSD, DMT, and Fluoro-AMB at the Baymont Inn. A review of the indictment, bill of particulars, and the comments made on the record do not indicate one way or another. In addition, the trial court did not state its findings or otherwise determine whether the charges were allied offenses of similar import. As a result, we remand this matter to the trial court to determine whether Kremer's convictions for the possession and trafficking of LSD, DMT, and Fluoro-AMB in counts one through six were committed separately or with a different animus or motivation, and thus whether the offenses should merge for sentencing purposes. *Whitaker* at ¶ 61. As a result, we sustain Kremer's third assignment of error.

{¶ 39} Turning to his fifth assignment of error, Kremer argues the trial court's sentence was contrary to law. This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 40} As noted above, we must remand counts one through six in the second indictment regarding the charges for possession and trafficking of LSD, DMT, and Fluoro-AMB. This is in addition to count seven in the first indictment, which we must remand

following our resolution of Kremer's second assignment of error. As to the remaining counts, we find the trial court did not err in its sentencing decision, as the trial court's sentence was not contrary to law and was supported by the record. The trial court stated that it considered the purposes and principles of sentencing as required by R.C. 2929.11 and R.C. 2929.12. The trial court found that Kremer was not amenable to community control, which would not adequately punish him for his actions and a prison sentence was necessary to the purposes and principles of sentences. Furthermore, the trial court-imposed prison sentences within the permissible range for each offense.

{¶ 41} The trial court's decision is also well-supported by the record. The record reveals that Kremer repeatedly sold drugs throughout the community. Within months of leaving a treatment facility, Kremer was caught selling illegal drugs. While out on bond, Kremer removed his EMHA device and was found selling and possessing illegal drugs out of a hotel room at the Baymont Inn. Thereafter, while he was in jail following his latest arrest, Kremer made a threatening phone call that led to additional extortion charges.

{¶ 42} Based on review of the record, we find the trial court's sentencing decision on the remaining counts was not contrary to law and was supported by the record. Kremer's fifth assignment of error as it relates to the undisturbed counts is overruled.

{¶ 43} Judgment affirmed in part, reversed in part, and remanded for further proceedings as outlined above.

HENDRICKSON, P.J., and M. POWELL, J., concur.